UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>18-20547-CR-MARTINEZ</u>

UNITED STATES OF AMERICA

V.

FRANZ KARL SALON,

          **Defendant.**
_____/

## JOINT FACTUAL STATEMENT

The United States of America and FRANZ SALON stipulate and agree that if this matter were to proceed to trial, the United States, by photographs, documentary evidence and the testimony of witnesses, would establish the following:

1. On July 10, 2013 FRANZ SALON registered with an online e-commerce marketplace and shortly thereafter began selling wildlife and wildlife parts to purchasers located in the United States and in foreign countries.

2. On December 25, 2014, and February 2, 2015, two international parcels, sent to FRANZ SALON from a seller in a foreign country, arrived at the Air Mail Center in San Francisco, California. One parcel was addressed to SALON at his residence in Miramar, Florida, and one parcel was addressed to SALON at an address in Florida (the item was later confirmed to have been purchased by SALON). Upon import into the United States, both parcels were inspected and found to contain wildlife protected by the Convention on International Trade in Endangered Species of Wild Fauna and Flora (CITES). The wildlife was seized on each occasion by the United States Fish and Wildlife Service (USFWS) for unlawful importation of CITES species without a

*Court Exhibit #1*

permit and for failure to file wildlife import declarations. On January 15, 2015, SALON was sent a Notice of Seizure and Proposed Forfeiture (CAFRA) letter, via certified mail, which contained the language of 16 U.S.C. § 1538(c)(1) and (e), 50 C.F.R. §§ 14.52(c), 14.61, and 23.13(a), and 16 U.S.C. § 3372(a)(2)(A). On February 12, 2015, a USFWS wildlife inspector exchanged emails with FRANZ SALON and explained that the species which SALON attempted to import on February 2nd were protected under CITES and required an export permit from the country of origin prior to export. The wildlife inspector further explained that all of the wildlife in the shipment was required to be formally declared to the USFWS. The wildlife inspector also cited 16 U.S.C. § 1538(c)(1) and (e), 50 C.F.R. §§ 14.52(c), § 14.61, and 23.13(a) among other provisions.

3. On September 27, 2015, FRANZ SALON offered for sale a "REAL HUGE Female Crab-eating Macaque Skull" for $200.00 on an online e-commerce marketplace. SALON had previously purchased the crab-eating macaque from a seller in a foreign country and imported the macaque into the United States without the required CITES permit and declaration form. On October 1, 2015, FRANZ SALON received electronic payment for the crab-eating macaque skull from a purchaser in France. On October 1, 2015, FRANZ SALON paid for United States Postal Service international package shipping, submitted a Postal Service Form 2976 / Customs Declaration CN22 which described the package contents as "educational model" and the value as "$10.00," and presented the package containing the crab-eating macaque skull to a Post Office in the Southern District of Florida.

4. Species in need of protection from over-exploitation are listed on one of three CITES appendices, based on the level of protection needed for the species. All species under the Family Cercopithecidae to include all species of macaques (*Macaca* spp.) are and were, on

October 1, 2015, listed in Appendix II of CITES, except those species listed in Appendix I. For species, such as crab-eating macaques, listed in Appendix II, a valid export permit issued by the CITES Management Authority in the wildlife specimen's country of origin (or a valid re-export certificate issued by the country of re-export) is required. Federal law requires that those who engage in international trade in any CITES specimen must have a valid CITES document. 50 C.F.R. § 23.20(c). A separate original or a true copy of a CITES document must be issued before the import or export occurs and the document must accompany each shipment. 50 C.F.R. § 23.26(b). Federal law also provides that it is unlawful for any person subject to the jurisdiction of the United States to possess any specimen of a species listed in Appendix I, II, or III of CITES imported or exported contrary to the provisions of CITES or the Endangered Species Act. 50 C.F.R. § 23.13.

     5.     Federal law further requires persons exporting and importing wildlife to comply with declaration, permitting, and licensing requirements. Persons exporting wildlife from, or importing wildlife into, the United States, must complete and sign a USFWS Declaration for Importation or Exportation of Fish or Wildlife (Form 3-177) prior to the importation or exportation of any wildlife or wildlife products. 50 C.F.R. §§ 14.61 and 14.63, and 16 U.S.C. § 1538(e). Among other information, the form must list the CITES permit number authorizing the exportation of any CITES-protected species. Additionally, all imported wildlife must be presented to USFWS officers prior to entry into the United States, and all exported wildlife must be made available for inspection by USFWS officers at least 48 hours prior to export. 50 C.F.R. §§ 14.52 and 14.54(f). The clearance and inspection requirements imposed by these regulations include presentation of any applicable CITES permits.

6.  The Custodian of Records of the USFWS responsible for maintaining records of all Declarations For Importation and Exportation (Form 3-177) would testify that FRANZ SALON, between September 2013 and August 2016, neither filed the required documentation with the USFWS nor obtained the permits required for the wildlife which he imported into the United States after purchasing it from foreign sellers, or for the wildlife which he exported from the United States.

7.  Records obtained from the online e-commerce marketplace and electronic payment platform used by FRANZ SALON show that SALON sold more than $7,000.00 of wildlife to purchasers in foreign countries and sold more than $21,000.00 of foreign wildlife to purchasers in states other than Florida. SALON unlawfully possessed at his residence and storage unit more than $14,000.00 of wildlife. In total, SALON's relevant conduct amounts to a market value of approximately $42,000.

## Conclusion

Based upon the foregoing, the United States and defendant respectfully submit that a reasonable jury would find that FRANZ SALON is guilty beyond a reasonable doubt of knowingly exporting and attempting to export a macaque knowing that the macaque was possessed in a manner unlawful under Title 16, United States Code, Section 1538(c)(1), in that the macaque was imported contrary to the provisions of Title 16, United States Code, Section 1538(e), 27 U.S.T. 1087, and Title 50, Code of Federal Regulations, Sections 23.13, 23.20(c), and 23.26, all in

violation of Title 16, United States Code, Sections 3372(a)(1), (a)(4), and 3373(d)(1)(A), as charged in the Information filed against him.

Respectfully submitted,

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

Date: 8/17/2018   By: _____
Thomas A. Watts-FitzGerald
Assistant United States Attorney

Date: 8/17/18   By: _____
Georgiann G. Cerese
Senior Trial Attorney
Environmental Crimes Section
United States Department of Justice

Date: 08/17/18   By: _____
CHARLES G. WHITE, ESQ.
ATTORNEY FOR DEFENDANT

Date: 07/11/18   By: _____
FRANZ KARL SALON
DEFENDANT

5